IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ANTHONY EDWARD ZELLNER**,

       Petitioner,

v.

**FREDERICK ENTZEL, JR.**,

       Respondent.

Civil Action No.: 3:17-CV-98 (GROH)

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 14, 2017, Petitioner Anthony Edward Zellner ("Petitioner" or "Defendant"), an inmate incarcerated at Hazelton FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] On December 12, 2017, this Court entered an "Order Directing Respondent to File Answer, Motion or other Responsive Pleading". ECF No. 8. On January 5, 2018, Petitioner filed a "Motion to the Court to clarify Petitioner's Grievances Alleged in Petition to the Court from the Very Beginning", with four exhibits attached thereto. ECF Nos. 16, 16-1, 16-2, 16-3, 16-4. On January 16, 2018, the Respondent filed a motion to dismiss or, alternatively, for summary judgment, and memorandum in support thereof with an exhibit attached thereto. ECF Nos. 20, 21, 21-1. Following issuance of a Roseboro notice on January 25, 2018 [ECF No. 25], Petitioner filed a response on February 14, 2018. ECF No. 27. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR

---

[1] All ECF numbers cited herein are from the instant case, 3:17-CV-98, unless otherwise noted.

PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction and Sentence

On October 19, 1999, a criminal information was filed in case number 2:99-CR-164 in the Eastern District of Virginia, Norfolk Division. ECF No. 1. On that same date, a waiver of indictment and plea agreement were filed in open court during a plea hearing. ECF Nos. 2, 3. On February 3, 2000, Petitioner was sentenced to 384 months of imprisonment followed by four years of supervised release. ECF No. 8. On April 30, 2001, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 9. On June 20, 2001, Petitioner filed a successive § 2255 motion, along with a supplemental motion and a memorandum. ECF Nos. 10, 11, 12. On June 22, 2001, the District Court dismissed Petitioner's § 2255 motion [ECF No. 9]. ECF No. 13. On July 2, 2001, Petitioner filed a motion to reconsider the dismissal order. ECF No. 14. On June 20, 2001, the District Court dismissed Petitioner's successive § 2255 motion [ECF No. 10]. ECF No. 15. On June 20, 2001, the District Court entered an order denying Petitioner's motion to reconsider [ECF No. 14]. ECF No. 16.

On August 15, 2001, Petitioner filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit in that court's case number 01-7378. ECF No. 17. By unpublished per curium decision decided February 6, 2002, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. ECF Nos. 20, 21, 22, 23. An August 14, 2002, docket entry indicates that Petitioner filed a petition for

---

[2] Throughout this section, all ECF numbers refer to entries in the docket of Criminal Action No. 2:99-CR-164 from the Eastern District of Virginia, unless otherwise noted.

a writ of certiorari with the United States Supreme Court.  An October 21, 2002, docket entry indicates that the Supreme Court denied certiorari.

On November 1, 2002, Petitioner filed with the District Court a motion with memorandum in support of his motion to vacate.  ECF No. 28.  On November 14, 2002, the United States filed a response.  ECF No. 29.  On December 5, 2002, Petitioner filed a reply.  ECF No. 30.  On March 24, 2003, the Court entered an order [ECF No. 31] which dismissed the memorandum in support [ECF No. 28-1].

On May 19, 2004, Petitioner filed a notice of appeal with the Court of Appeals for the Fourth Circuit in that court's case number 03-6835.  ECF No. 32.  On July 9, 2004, by unpublished per curiam opinion, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal.  ECF Nos. 33, 40.  On August 12, 2004, Petitioner filed a motion for rehearing en banc, which was denied by order entered on September 21, 2004.  ECF Nos. 34, 39; Court of Appeals 03-6835, ECF Nos. 22, 28.

On August 16, 2004, Petitioner filed a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), and a memorandum of law in support thereof.  ECF Nos. 35, 36.  On August 19, 2004, the Government filed a motion to dismiss and response to the Rule 60(b)(6) motion.  ECF No. 37.  On September 20, 2004, Petitioner filed a reply.  ECF No. 38.  On December 29, 2004, the District Court entered a memorandum opinion and order which denied the motion to vacate pursuant to Federal Rule of Civil Procedure 60(b)(6).  ECF No. 41.  On January 18, 2005, Petitioner filed a motion for reconsideration.  ECF No. 42.  On February 10, 2005, the District Court entered a memorandum opinion and order which denied the motion to reconsider.  ECF No. 43.

On April 6, 2005, Petitioner filed a notice of appeal of the District Court's orders entered December 29, 2004, and February 10, 2005, with the Court of Appeals for the Fourth Circuit in that court's case number 05-6537. ECF No. 44. On October 19, 2005, by unpublished per curiam opinion, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. ECF Nos. 45, 46.

By order entered January 26, 2006, the Court of Appeals denied Petitioner's motion filed pursuant to 28 U.S.C. § 2244 to file a successive application. ECF No. 47; Court of Appeals 05-586, ECF No. 7.

On July 17, 2006, Petitioner filed a motion for "new" and "independent" action pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 48. On July 25, 2006, the District Court entered a memorandum order which denied Petitioner's motion. ECF No. 49. On August 30, 2006, Petitioner filed a notice of appeal with the Court of Appeals for the Fourth Circuit, in that court's case number 06-7569, as to the District Court's order denying relief under Rule 60(b). ECF No. 50. By unpublished per curiam opinion filed April 3, 2007, the Court denied a certificate of appealability and dismissed the appeal. Court of Appeals 06-7569, ECF Nos. 24, 25. The opinion further denied Petitioner authorization to file a successive § 2255 motion. ECF No. 51; Court of Appeals 06-7569, ECF No. 25 at 7.

On May 23, 2008, Petitioner filed a notice of appeal with the Court of Appeals for the Fourth Circuit in that court's case number 08-7000, "for a review of an otherwise final sentence pursuant to [ ] 18 U.S.C. § 3742." ECF No. 53, 54; Court of Appeals 08-7000, ECF No. 9. On July 24, 2009, the Fourth Circuit entered an order which granted the Government's motion to dismiss the appeal as untimely. ECF No. 56; Court of

Appeals 08-7000, ECF Nos. 37, 38, 39.  On September 11, 2009, the Fourth Circuit entered an order denying as untimely Petitioner's motion for rehearing en banc.  ECF No. 59; Court of Appeals 08-7000, ECF No. 44.

On October 13, 2015, Petitioner filed with the District Court a letter which was construed as a motion to reduce his sentence.  ECF No. 62.  On December 9, 2015, appointed counsel filed a motion to reduce sentence.  ECF No. 66.  On January 8, 2016, the Government filed a response to Petitioner's motion to modify his sentence.  ECF No. 73.  On February 17, 2016, the District Court entered an order which denied Petitioner's motion to reduce his sentence, finding that Petitioner was "not eligible for a sentence reduction under Amendment 782 of the Fair Sentencing Act."  ECF No. 75.

**B.    Prison Disciplinary Proceedings**

On January 30, 2015, while Petitioner was incarcerated at FCI Fort Dix, in Joint Base MDL, New Jersey, he was charged in an incident report with possession of a sharpened object.  ECF No. 21-1 at 15.  On that date, employee B. Tarquinio reported that:

> While performing a random room search in 5802 room 215, I found a homemade sharpened instrument in inmate Zellner REG# 51432-083 secured wall locker 2156L.  The homemade instrument was found in the 2nd shelf under a towel under a large amount of vari[ous] clothing.  The homemade instrument looks like a 8 in. long white sharpened hard plastic [w]ith a black string handle sharpened to a point.  Locker was secured before the search and inmate was packed out after search.

Id.  The incident report includes comments from the Petitioner that he was "not guilty", "the locker couldn't be locked, because I have never locked the locker," and that he believed "someone placed the weapon in [his] locker in retaliation [for complaining]

against a staff member." Id. On the following day, January 31, 2015, the Unit Disciplinary Committee ("UDC") referred the matter to a Discipline Hearing Officer ("DHO") "based on [the] seriousness of [the] incident report." Id. Also on January 31, 2015, a "Notice of Discipline Hearing Before the (DHO)" ("the Notice") was issued to Petitioner, who signed and dated the document on that date. ECF No. 21-1 at 17. The Notice indicated that Petitioner initially elected to have a staff representative, J. Ordonez, at the hearing, but later waived that right on February 19, 2015. Id. The Notice further indicated that Petitioner wished to call three witnesses who could testify that Petitioner never locked his locker. Id. On the same date the Notice was issued, January 31, 2015, Petitioner also received and acknowledged receipt of "Inmate Rights at Discipline Hearing" notice. ECF No. 21-1 at 19.

The DHO hearing was held on March 18, 2015, by DHO A. Boyce, whose Discipline Hearing Officer Report was issued March 30, 2015. ECF No. 21-1 at 21-22. According to the DHO Report:

> Inmate Z[ellner]. . . made the following statement, "I had a problem with a staff member in January 2015. I got this shit two weeks after. On Friday inmate [redacted] saw the staff members go in and search. I never secure my locker." The DHO asked if the writer of the report was the staff member he had a problem with he stated no.

ECF No. 21-1 at 21. The DHO found that Petitioner committed the act as charged, and included the following specific evidence relied on to support his findings:

> I find that on January 30, 2015, at about 2:30 p.m., at the Federal Correctional Institution, Fort Dix, New Jersey, you did commit the prohibited act of Code 104, Possession, manufacture or introduction of a sharpened instrument.
>    This decision is based on the evidence provided before me, which is documented in the written report provided by the reporting employee. . . . The DHO took into consideration

> your statement at the hearing. . . . Also considered were the witness statements that you leave your locker open.
> In a correctional environment, [i]nmates who claim they left their lockers open must be held accountable at the same level as if their locker was secured. Otherwise, inmates who are hiding contraband could avoid or lessen the consequences by simply stating my locker was open. You do not deny the items were found in your locker and you are responsible to keep your locker contraband free.
> The photograph of the piece of sharpened plastic corroborates the incident report.
> Based upon the evidence provided before me, your actions are consistent with a violation of Code 104, Possession, manufacture or introduction of a sharpened instrument.

ECF No. 21-1 at 22. As a result of this finding, the DHO imposed a sanction of disallowance of 40 days of Good Conduct Time ("GCT"), as well as disciplinary segregation and commissary restriction. Id.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the

7

Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

    **C.    Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary hearing. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015). An inmate who is subject to a disciplinary conviction which results in a loss of good-conduct credit is entitled to the following for the minimum requirements of procedural due process:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5. providing impartial factfinders.

Wolf v. McDonnell, 418 U.S. 539, at 564-566, 570-571; Burgess, 628 Fed. Appx. at 176 (quoting Wolff).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's

9

obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a

claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.    Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323.  Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon

11

y

mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV. ANALYSIS

### A. The Petition

In the Petition, Petitioner asserts that following his complaint of staff misconduct,

that staff retaliated by placing a sharpened instrument in his locker. ECF No. 1 at 5 – 6. Petitioner further asserts that his Constitutional rights were violated during and prior to the prison disciplinary proceedings held on March 18, 2015. Id. at 9. Specifically, Petitioner contends that his right to due process was violated when staff retaliated against him for filing a staff complaint,[3] by in turn charging Petitioner in an Incident Report with possession of a sharpened instrument. Id. at 5 – 6. Petitioner requests that the Court restore the 40 days of Good Conduct Time which was disallowed by the DHO as a result of the disciplinary proceedings. Id. at 9.

**B.     Analysis of the Petition**

Petitioner contends that his Fifth Amendment right to due process was violated during the prison disciplinary proceedings held on March 18, 2015. ECF Nos. 1, 27 at 2, 10, 21. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

---

[3] Petitioner alleges that on January 7, 2015, staff member L. Rogers wrote an incident report which was "based on a falsified statement about [Petitioner's] work conduct." ECF No. 1 at 6. Petitioner claims that on January 9, 2015, an informal resolution complaint was submitted on Bureau of Prisons Form 8 ("BP8"), which "was never answered by [s]taff." Id. Petitioner claims that on January 10, 2015, he submitted a BP9 appeal form because "unit team stated that the [BP8] would not be answered. Id. Petitioner alleges that the BP9 was also never answered. Id. Petitioner claims that on January 12, 2015, he was verbally threatened curing a conversation between staff member L. Rogers and an unknown male staff member, the latter of whom stated, "Don't worry something will happen to him." Id. Petitioner "typed a detailed letter to the Warden's Office explaining fully the threat," and mailed the letter to the warden. Id. Eight days later, without receiving any response to any of these complaints, Petitioner was charged with the instant offense of possessing a sharpened instrument, which he claims was in retaliation for his complaints against L. Rogers. Id.

    2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

    3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

    4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

    5. providing impartial factfinders.

Id. at 564-566, 570-571.

In the present case, the Court finds that Petitioner was provided all the due process required for a disciplinary proceeding for several reasons. First, Petitioner received notice of the disciplinary hearing on January 31, 2015, more than six weeks before the hearing was finally held. ECF No. 21-1 at 17. Second, the DHO Report includes several paragraphs which explain the specific evidence relied on to support the findings, including: (1) the incident report which described staff finding the sharpened instrument in Petitioner's unsecured locker during a routine random search, (2) Petitioner's claim that the incident report was retaliation by staff for a complaint filed two weeks prior by Petitioner against staff; (3) witness statements that Petitioner left his locker open; (4) Petitioner's admission that the writer of the report was not the same staff member about whom he earlier complained; (5) Petitioner's claim that he never secured his locker, which claim offered him deniability of ownership for any contraband found there; (6) that Petitioner did not deny the sharpened instrument was found in his

14

locker; and (7) a photograph of the sharpened instrument found in Petitioner's locker. ECF No. 21-1 at 22. The DHO concluded that "[b]ased upon the evidence provided before me, your actions are consistent with a violation of Code 104." Id. Third, Petitioner was offered the opportunity to call witnesses and present evidence. The hearing was begun on February 19, 2015, but Petitioner "requested witnesses and the hearing [was] postponed." ECF No. 21-1 at 21. At hearing on March 5, 2015, Petitioner claimed he "had papers in his property and the hearing was postponed." Id. At hearing on March 18, 2015, Petitioner did not call any witnesses but presented written statements from four inmates. ECF No. 21-1 at 4. Instead Petitioner himself gave a statement to the DHO. Id. at 21, 22. Fourth, Petitioner is not illiterate, nor did the complexity of the issue make it unlikely that Petitioner could collect and present the evidence necessary for an adequate comprehension of the case, thus Petitioner did not require the aid of a fellow prisoner or staff. Nonetheless, Petitioner was offered staff aid and initially requested staff representative J. Ordonez to assist him; however, when J. Ordonez was unavailable for hearing on February 19, 2015, Petitioner waived his right to staff assistance. Id. Finally, the DHO was an impartial factfinder, who "was not the staff member who authored the Incident Report No. 2677602." ECF No. 21-1 at 5.

Petitioner argues that he was denied due process because the Incident Report was filed in retaliation[4] for his report of staff misconduct and that he is innocent of the charges against him. ECF No. 1. However, the results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455. (1985) ("due process in this context

---

[4] To the extent that this claim alleges Petitioner's civil rights were violated, that argument is addressed in section C. below.

15

requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457). When determining whether this standard is satisfied:

> Does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . .

Id. at 455 - 56. In this case, the Disciplinary Hearing Officer found Petitioner guilty of possession, manufacture or introduction of a sharpened instrument, in violation of Prohibited Act Code § 104. The reasons listed by the DHO for his finding, including that Petitioner did not deny the item was found in his locker, the statement of the reporting staff member in the Incident Report that a random search revealed the sharpened instrument hidden underneath various clothing, and perhaps most importantly, that the staff member who located the item and prepared the Incident Report was not the same staff person about whom Petitioner previously complained. This Court finds that the evidentiary requirement standard enunciated in Superintendent v. Hill, supra, that there must be "some evidentiary basis" to support the DHO's findings, was met. Therefore, the undersigned finds that the Disciplinary Hearing Officer's decision is supported by some evidence and that the Petition as a whole should be denied.

   C.  **Analysis of Respondent's Motions**

Respondent filed a motion to dismiss, or, alternatively, for summary judgment. Pursuant to Wolff v. McDonnell, supra, the claims of Petitioner regarding the alleged unconstitutionality of his disciplinary proceedings are appropriately raised in his § 2241 complaint. Pursuant to Republican Party of North Carolina v. Martin, supra, a motion to dismiss "tests the sufficiency of a complaint" but "does not resolve contests

surrounding facts, the merits of a claim, or the applicability of defenses." It appears to the Court that the petition, when construed liberally, could prove some set of facts in support of Petitioner's claim which would entitle him to relief. Accordingly, it appears that the Petition is not appropriate for dismissal under Rule of Civil Procedure 12(b)(6).

However, the Petition does appear appropriate for summary judgment. Consistent with the holding of Celotex Corp. v. Catrett, supra, the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Pursuant to the holding of Superintendent v. Hill, supra, the results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision. This Court finds that there is some evidentiary basis to support the decision of the DHO. Accordingly, even when viewing all the evidence in the light most favorable to the nonmoving party, it appears that the Respondent is entitled to judgment as a matter of law.

Additionally, Respondent argues that Petitioner has improperly attempted to assert civil rights claims against various BOP employees in this § 2241 proceeding. Respondent argues that such claims may only be brought in a separate civil rights action which: (1) names each individual actor; (2) describes the acts which allegedly violated Petitioner's rights; and (3) which is filed in the venue where the defendants reside or the events giving rise to the claim occurred. ECF No. 21 at 6 – 7.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of actions for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court wrote, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. As the

Supreme Court further explained in Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001):

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

Moreover, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." Ziglar v. Abassi, __ U.S. __, 137 S.Ct. 1843, 1860 (2017).

Without determining the appropriate venue for such an action, this Court finds that to the extent that Petitioner alleges that his civil rights were violated by individual federal employees, this Court has no authority to entertain such claims, which must instead be filed as an action under Bivens, supra.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

This Court also **RECOMMENDS** that Petitioner's "Motion to the Court to Clarify Petitioner's Grievances Alleged in Petition to the Court From the Very Beginning" [ECF No. 16] be **DENIED**. This Court further **RECOMMENDS** that Respondent's "Motion to

Dismiss, or, Alternatively, for Summary Judgment" [ECF No. 20] be **GRANTED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** May 1, 2018

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE