**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

ANTHONY E. ZELLNER,

    Petitioner,

v.                                           **CIVIL ACTION NO.: 3:17-CV-98**
                                                       **(GROH)**

FREDERICK ENTZEL, JR.,

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 28. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on May 1, 2018. In the R&R, he recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed with prejudice.

**I. Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and

of a Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The R&R was mailed to the Petitioner by certified mail on May 1, 2018. ECF No. 28.  The Petitioner accepted service on May 7, 2018.  ECF No. 19.  The Petitioner filed objections on May 24, 2018.  ECF No. 30.  Accordingly, the Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

In his § 2241 petition, the Petitioner alleges that prison staff retaliated against him by placing a sharpened instrument in his locker following a complaint of staff misconduct. ECF No. 1 at 5-6.  The Petitioner further asserts that his constitutional rights were violated during and prior to the disciplinary proceedings that resulted.  Id. at 9. Petitioner asserts that his due process rights were violated and requests that the Court restore the 40 days of Good Conduct Time which was taken as a result of the disciplinary action.  Id.

## III. Applicable Law

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  Determining whether this standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  Id. at 455-56.  Rather, "the relevant question is whether

there is any evidence in the record that could support the conclusion reached." Id.

## IV. Discussion

In this case, Magistrate Judge Trumble accurately found that there is at least some evidentiary basis to support the Disciplinary Hearing Officer's ("DHO") findings. The DHO found the Petitioner guilty of possession, manufacture, or introduction of a sharped instrument, in violation of Prohibited Acts Code § 104. The DHO officer lists the following reasons for his finding: (1) the Petitioner did not deny the item was found in his locker; (2) the reporting officer stated in his incident report that a random search revealed the sharpened instrument hidden under various clothing; and (3) the staff member who located the item and prepared the incident report was not the same staff person about whom the Petitioner previously complained. Accordingly, on the whole, the DHO's decision was supported by some evidence.

The Petitioner's first objection is to Magistrate Judge Trumble's Factual and Procedural History, specifically the section addressing his underlying conviction and sentence. ECF No. 30. However, his underlying conviction and sentence has no bearing on the validity of the claim before the Court. Accordingly, this objection is without merit and is **OVERRULED**.

Next, the Petitioner alleges that the incident report stated that the searching officer found a "homemade" sharpened instrument. Petitioner argues that this is factually impossible because he could not have "made the alleged sharpened instrument at home, when he had been incarcerated for 16 years already." ECF No. 30 at 3. However, the term "homemade" likely refers to the fact that the sharpened object was not purchased at a store and, rather, was made by the individual—whether in his home or jail cell.

Accordingly, this objection is without merit and is **OVERRULED**.

The Petitioner further argues that the term "sharpened instrument" is unconstitutionally vague. For example, he questions whether possession of a pencil or pen would be a violation of the Prohibited Acts Code. ECF No. 30 at 4. However, the term "sharpened instrument" is commonly used and relatively precise. A person of average intelligence should be able to determine what conduct is prohibited and conform his conduct to the code. See State v. Hutchins, 164 P.3d 318 (Or. 2007). Accordingly, this objection is without merit and is **OVERRULED**.

Finally, the Petitioner seems to argue that his constitutional rights were violated. However, as addressed more fully in the Report and Recommendation, "[w]ithout determining the appropriate venue for such an action, this Court finds that to the extent that Petitioner alleges that his civil rights were violated by individual federal employees, this Court has no authority to entertain such claims, which must instead be filed as actions under Bivens." ECF No. 28 at 18. Accordingly, these objections are **OVERRULED**.

## V. Conclusion

For the aforementioned reasons, the Petitioner's objections are **OVERRULED** and Magistrate Judge Trumble's Report and Recommendation is **ORDERED ADOPTED**.

Accordingly, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE.** The Respondent's Motion to Dismiss, or, in the alternative, for Summary Judgment [ECF No. 20] is **GRANTED** and the Petitioner's Motion for Clarification [ECF No. 16] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein

4

and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** June 14, 2018

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE